UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRIAN KENDALL,**

    **Plaintiff,**

**v.**                                          CASE NO.:

**ACE AIR CONDITIONING, INC.,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BRIAN KENDALL, by and through undersigned counsel, brings this action against Defendant, ACE AIR CONDITIONING, INC., and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq., and unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has pendant jurisdiction over the state law claims.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Volusia County.

**PARTIES**

4. Plaintiff is a resident of Volusia County, Florida.

5. Defendant operates a heating and cooling business in Debary, in Volusia County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

## FACTS

11. Plaintiff began employment with Defendant as a Technician in October 2005, and he worked in this capacity until February 22, 2021.

12. In the beginning of 2021, on or about January 18, 2021, Plaintiff acquired a disability.

13. Plaintiff was from January 2021 on, a qualified individual with a disability who could perform the essential functions of his job with or without a reasonable accommodation.

14. Defendant had a policy that employees had to ask to use their accrued Paid Time Off ("PTO") at least thirty (30) days in advance. However, Plaintiff's disability came on fairly suddenly and he did not have thirty days' notice to meet that policy.

15. Plaintiff requested an accommodation, by way of an exception to the policy, in order to use his PTO while he underwent treatment for his disabling condition even though he could not meet the thirty days' advance notice requirement.

16. Defendant refused Plaintiff's request for an exception to the policy.

17. Plaintiff returned back to work on or about February 15, 2021.

18. Plaintiff again requested a reasonable accommodation, but this time for light duty due to his disability and restrictions.

19. However, Defendant also denied Plaintiff's request for light duty.

20. Plaintiff usually has a 'Helper' assigned to him but the Helper assigned to him in February 2021 had no experience and no tools such that he was of no help to Plaintiff at all.

21. Plaintiff complained to his boss on February 22, 2021, that his requested accommodations were not met and his boss immediately told him that he was a "piece of s**t, and get off the property."

22. Defendant terminated Plaintiff on February 22, 2021.

23. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a weekly salary plus Paid Time Off.

24. Defendant failed to pay Plaintiff all wages owed to Plaintiff, including two hundred sixty-one hours (261 hours) of Paid Time Off.

25. Plaintiff's unpaid Paid Time Off constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

## COUNT I—ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

26. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27. Plaintiff was disabled, or was perceived by Defendant as being disabled.

28. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability on two occasions, and shortly thereafter terminated his employment.

29. Defendant's actions were willful and done with malice.

30. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issues and that this Court take jurisdiction over the case;

    c)    An injunction restraining continued violation of law enumerated herein;

    d)     Compensation for lost wages, benefits, and other remuneration;

    e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)     Compensatory damages, including emotional distress, allowable at law;

    g)     Punitive damages;

    h)     Prejudgment interest on all monetary recovery obtained;

    i)     All costs and attorney's fees incurred in prosecuting these claims; and

    j)     For such further relief as this Court deems just and equitable.

## COUNT II – ADA RETALIATION

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

32. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

33. Plaintiff engaged in protected activity under the ADA by requesting an accommodation on two occasions.

34. Plaintiff also engaged in protected activity under the ADA by complaining about Defendant's failure to accommodate him on or about February 22, 2021.

35. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment and by withholding the payment of his Paid Time Off.

36. Defendant's actions were willful and done with malice.

37. The adverse employment actions that Defendant took against Plaintiff were material.

38. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

 a) A jury trial on all issues so triable;

 b) That process issue and that this Court take jurisdiction over the case;

 c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

 d) That this Court enter an injunction restraining continued violation of the ADA;

 e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

 f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT III—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

39. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

40. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

41. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap on two occasions, and shortly thereafter, terminated Plaintiff's employment.

42. Defendant's actions were willful and done with malice.

43. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

44. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

45. Plaintiff is a member of a protected class under the FCRA.

46. Plaintiff engaged in protected activity under the FCRA by requesting an accommodation on two occasions.

47. Plaintiff also engaged in protected activity under the ADA by complaining about Defendant's failure to accommodate him on or about February 22, 2021.

48. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

49. Specifically, Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment and by withholding the payment of his Paid Time Off.

50. Defendant's actions were willful and done with malice.

51. Defendant took material adverse action against Plaintiff.

52. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

  a) A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

  c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

  d) Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

    f)    Front pay;

    g)    Any other compensatory damages, including emotional distress, allowable at law;

    h)    Punitive damages;

    i)    Prejudgment interest on all monetary recovery obtained.

    j)    All costs and attorney's fees incurred in prosecuting these claims; and

    k)    For such further relief as this Court deems just and equitable.

## COUNT V – UNPAID WAGES UNDER FLORIDA COMMON LAW

53. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 23-25 of this Complaint, as though fully set forth herein.

54. During the statutory period, Plaintiff worked for Defendant, and Defendant agreed to pay Plaintiff for Plaintiff's services.

55. Defendant failed to pay Plaintiff all "wages" owed to Plaintiff, including Plaintiff's Paid Time Off.

56. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a)    A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 2nd day of June, 2022.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**